Law Offices of Ravinder S. Bhalla
33-41 Newark Street, Suite 4A
Hoboken, New Jersey 07030
Phone: (201)610-9010 * Fax#: (201) 610-9030
Counsel for Defendants, Samuel DeMaio and Lydell James

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ROBERTO LIMA,<br>Plaintiff,<br><br>v.<br><br>NEWARK POLICE DEPARTMENT, GARRY MCCARTHY, SAMUEL DEMAIO, LYDELL JAMES, JOSE ALICEA, MICHAEL LATORRE, JOHN DOE, JOHN ROE, employees of the Newark Police Department, ROGER IMHOF, ROMES SUKHDEO, JOHN BREWINGTON, MARQUIS CARTER, and JOHN LOE 1 to 4, employees of the Essex County Prosecutor's Office (all defendants named in their individual and official capacity).<br><br>Defendants. | DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>**CIVIL ACTION NO. 08-426 (FSH )**<br><br>ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIM, and JURY DEMAND |

Defendants, Samuel DeMaio and Lydell James, employees of the City of Newark, with its principal place of business at 920 Broad Street, by and through their undersigned attorneys, respond to the allegations in the within captioned Second Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a

1

response is required Defendants deny same and deny that Plaintiff is entitled to damages.

2.      Paragraph 2 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a response is required Defendants deny same and deny that Plaintiff is entitled to damages.

3.      Paragraph 3 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a response is required Defendants deny same.

4.      Paragraph 4 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a response is required Defendants deny same.

5.      Paragraph 5 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a response is required Defendants deny same.

6.      Defendants deny the allegations of paragraph 6 of the Preliminary Statement and admit only that the County Prosecutor's Office was contacted for advisement.

7.      Paragraph 7 of the Preliminary Statement fails to assert specific individual facts requiring a response and constitutes argument, which is improper. To the extent a response is required Defendants deny same.

## JURISDICTION AND VENUE

8.      Defendants deny the contents of paragraph 8 of the Jurisdiction and Venue Section and deny that there exists Jurisdiction under any of the cited Statutes or Constitutional Provisions and leaves Plaintiff to his proofs. Defendants additionally assert that Plaintiff's failure to comply with the Notice Requirements of the New Jersey Tort Claims Act and other substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq. bars this action and Defendants reserve the right to file a Motion to Dismiss all or portions of the Complaint.

9.      Defendants neither admit nor deny the allegations contained in paragraph 9 of the Jurisdiction and Venue Section and leave Plaintiff to his proofs.

## PARTIES

10.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Parties Section and leave Plaintiff to his proofs.

11.     Defendants admit the allegations of paragraph 10 of the Parties Section to the extent that Defendant Samuel Demaio is Deputy Chief of the Newark Police Department and Defendant Lydell James is an officer of the Newark Police Department. Defendants otherwise are without knowledge or sufficient information to form a belief as to the truth of the allegations set forth in the remaining allegations and leave Plaintiff to his proofs.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Parties Section and leaves Plaintiff to his proofs.

13.     Defendants admit the allegations of paragraph 13 of the Parties Section to the extent that they pertain to these Defendants.

14.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 14 of the Parties Section and leaves Plaintiff to his proofs.

## FACTUAL ALLEGATIONS

15.     Defendants make no response to the contents of Paragraph Fifteen of the Factual Allegations since it raises no facts related to this action.

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 16 of the Factual Allegations and leaves Plaintiff to his proofs.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 17 of the Factual Allegations and leaves Plaintiff to his proofs.

18.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the Factual Allegations and leaves Plaintiff to his proofs.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 19 of the Factual Allegations and leaves Plaintiff to his proofs.

20.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of the Factual Allegations and leaves Plaintiff to his proofs.

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 21 of the Factual Allegations and leaves Plaintiff to his proofs.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Factual Allegations and leaves Plaintiff to his proofs.

23.     Defendants admit the allegations of paragraph 23 of the Factual Allegations only to the extent that Defendant Samuel Demaio arrived at location. Defendants deny all remaining allegations contained therein and leave Plaintiff to his proofs.

24.     Defendants deny the allegations set forth in paragraph 24 of the Factual Allegations and leave Plaintiff to his proofs.

25.     Defendants deny the allegations set forth in paragraph 25 of the Factual Allegations and leave Plaintiff to his proofs.

26.     Defendants deny the allegations set forth in paragraph 26 of the Factual Allegations and leave Plaintiff to his proofs.

27.     Defendants deny the allegations set forth in paragraph 27 of the Factual Allegations and leave Plaintiff to his proofs, except that the camera was handed to Defendant James who attempted to remove the memory card.

28.     Defendants deny the allegations set forth in paragraph 28 of the Factual Allegations and leave Plaintiff to his proofs.

29.     Defendants deny the allegations set forth in paragraph 29 of the Factual Allegations and leave Plaintiff to his proofs.

30.     Defendants deny the allegations set forth in paragraph 30 of the Factual Allegations and leave Plaintiff to his proofs.

31.     Defendants deny the allegations set forth in paragraph 31 of the Factual Allegations and leave Plaintiff to his proofs and lacks sufficient knowledge or information to form a belief as to whether Plaintiff was handcuffed to the bench.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 32 of the Factual Allegations and leaves Plaintiff to his proofs.

33.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 33 of the Factual Allegations and leaves Plaintiff to his proofs.

34.     Defendants admit only the portions of paragraph 34 of the Factual Allegations in that Defendant James accompanied Plaintiff back to the Brazilian Voice but deny the remaining allegations contained there in and leave Plaintiff to his proofs.

35.     Defendants admit only the portions of paragraph 35 of the Factual Allegations in that there was no warrant and that Plaintiff was not charged, but deny that Plaintiff was arrested and leave Plaintiff to his proofs.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the Factual Allegations and leaves Plaintiff to his proofs.

37.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37 of the Factual Allegations and leaves Plaintiff to his proofs.

38.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 38 of the Factual Allegations and leaves Plaintiff to his proofs.

39.     Defendants deny the allegations set forth in paragraph 39 of the Factual Allegations and leave Plaintiff to his proofs.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FIRST AMENDMENT TO
## THE UNITED STATES CONSTITUTION

40.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

41.     Defendants make no response to the contents of paragraph 41 of the First Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

42.     Defendants make no response to the contents of paragraph 42 of the First Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

43.     Defendants deny the allegations set forth in paragraph 43 of the Factual Allegations and leave Plaintiff to his proofs.

44.     Defendants deny the allegations set forth in paragraph 44 of the First Count of the Complaint and leave Plaintiff to his proofs.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF ARTICLE I, PARAGRAPH 6 OF**
**THE NEW JERSEY CONSTITUTION**

45.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

46.     Defendants make no response to the contents of paragraph 46 of the Second Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

47.     Defendants make no response to the contents of paragraph 47 of the Second Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

48.     Defendants deny the allegations set forth in paragraph 48 of the Second Count of the Complaint and leave Plaintiff to his proofs

49.     Defendants deny the allegations set forth in paragraph 48 of the Second Count of the Complaint and leave Plaintiff to his proofs.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE FOURTH AMENDMENT**
**THE UNITED STATES CONSTITUTION**

50.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

51.     Defendants deny the allegations set forth in paragraph 51 of the Third Count of the Complaint and leave Plaintiff to his proofs

52.     Defendants deny the allegations set forth in paragraph 52 of the Third Count of the Complaint and leave Plaintiff to his proofs

53.     Defendants deny the allegations set forth in paragraph 53 of the Third Count of the Complaint and leave Plaintiff to his proofs.

## FOUTH CAUSE OF ACTION:
## VIOLATION OF ARTICLE I, PARAGRAPH 7 OF
## THE NEW JERSEY CONSTITUTION

54.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

55.     Defendants deny the allegations set forth in paragraph 55 of the Fourth Count of the Complaint and leave Plaintiff to his proofs.

56.     Defendants deny the allegations set forth in paragraph 56 of the Fourth Count of the Complaint and leave Plaintiff to his proofs.

57.     Defendants deny the allegations set forth in paragraph 57 of the Fourth Count of the Complaint and leave Plaintiff to his proofs.

## FIFTH CAUSE OF ACTION:
## VIOLATION OF THE FOURTH AMENDMENT OF
## THE UNITED STATES CONSTITUTION

58.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

59.     Defendants deny the allegations set forth in paragraph 59 of the Fifth Count of the Complaint and leave Plaintiff to his proofs.

60.     Defendants deny the allegations set forth in paragraph 60 of the Fifth Count of the Complaint and leave Plaintiff to his proofs.

61.     Defendants deny the allegations set forth in paragraph 61 of the Fifth Count of the Complaint and leave Plaintiff to his proofs.

62.     Defendants deny the allegations set forth in paragraph 62 of the Fifth Count of the Complaint and leave Plaintiff to his proofs.

63.     Defendants deny the allegations set forth in paragraph 63 of the Fifth Count of the Complaint and leave Plaintiff to his proofs.

## SIXTH CAUSE OF ACTION
## VIOLATION OF ARTICLE I, PARAGRAPH 7 OF
## THE NEW JERSEY CONSTITUTION

64.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

65.     Defendants deny the allegations set forth in paragraph 65 of the Sixth Count of the Complaint and leave Plaintiff to his proofs.

66.     Defendants deny the allegations set forth in paragraph 66 of the Sixth Count of the Complaint and leave Plaintiff to his proofs.

67.     Defendants deny the allegations set forth in paragraph 67 of the Sixth Count of the Complaint and leave Plaintiff to his proofs.

68.     Defendants deny the allegations set forth in paragraph 68 of the Sixth Count of the Complaint and leave Plaintiff to his proofs.

69.     Defendants deny the allegations set forth in paragraph 69 of the Sixth Count of the Complaint and leave Plaintiff to his proofs.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE NEW JERSEY REPORTER**
**SHIELD LAW, N.J.S.A. §2A:84A-21.9**

70.     Defendants repeat, reiterate, and incorporate by reference, each and every response previously set forth in its Answer as though more fully set forth at length herein.

71.     Defendants make no response to the contents of paragraph 71 of the Seventh Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

72.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 72 of the Seventh Count of the Complaint and leaves Plaintiff to his proofs.

73.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 73 of the Seventh Count of the Complaint and leaves Plaintiff to his proofs.

74.     Defendants make no response to the contents of paragraph 74 of the Seventh Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

75.     Defendants deny the allegations set forth in paragraph 75 of the Seventh Count of the Complaint and leave Plaintiff to his proofs.

76.     Defendants deny the allegations set forth in paragraph 75 of the Seventh Count of the Complaint and leave Plaintiff to his proofs.

77.     Defendants deny the allegations set forth in paragraph 75 of the Seventh Count of the Complaint and leave Plaintiff to his proofs.

78.     Defendants make no response to the contents of paragraph 78 of the Seventh Count of the Complaint, as same sets forth a legal conclusion to which no response is required.

Law Offices of Ravinder S. Bhalla          Dated: February 13, 2009

/s/  *Monica Y. Cho*
_____
MONICA Y. CHO

## JURY DEMAND

Defendants demand a Jury Trial on all issues raised in this Complaint.

Law Offices of Ravinder S. Bhalla          Dated: February 13, 2009

/s/  *Monica Y. Cho*
_____
MONICA Y. CHO

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

1.      Defendants are employees of the City of Newark, a Municipal Corporation of the State of New Jersey, are public employees under the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq., and by this Separate Defense affirmatively pleads and claims entitlement to all benefits, bars, or other provisions or limitations of the New Jersey Tort Claims Act, without limitation or exclusion and with the same force and effect as if set forth in detail and with specificity.

## SECOND SEPARATE DEFENSE

2.      The Complaint fails to state a cause of action upon which relief can be granted.

## THIRD SEPARATE DEFENSE

3.      The Complaint is barred as a result of insufficient service of process.

## FOURTH SEPARATE DEFENSE

4.      The Complaint is barred under the doctrine of laches and unclean hands.

## FIFTH SEPARATE DEFENSE

5.      The Complaint is barred by the doctrine of *res judicata* and/or collateral estoppel.

## SIXTH SEPARATE DEFENSE

6.      The Complaint is barred by the entire controversy doctrine.

## SEVENTH SEPARATE DEFENSE

7.      The Complaint is barred by the doctrine of equitable estoppel.

## EIGHTH SEPARATE DEFENSE

8.

## NINTH SEPARATE DEFENSE

9.      Negligence, if any, on the part of these Defendants was not the proximate cause
of any injuries which may have been sustained by Plaintiff.

## TENTH SEPARATE DEFENSE

10.     Any injuries or damages allegedly sustained by Plaintiff were caused through the
sole negligence of any co-defendant(s) or third parties, over whom answering
Defendants had no control.

## ELEVENTH SEPARATE DEFENSE

11.     The Complaint is barred by the Statute of Limitations.

## TWELFTH SEPARATE DEFENSE

12.     Any and all actions by Defendant were legally justified at all times and did not constitute a violation of Plaintiff's rights under the First or Fourth Amendment or Article 1 of the New Jersey Constitution.

## THIRTEENTH SEPARATE DEFENSE

13.     Plaintiff fails to set forth a cause of action for the violation of the New Jersey Reporter Shield Law.

## FOURTEENTH SEPARATE DEFENSE

14.     Defendants affirmatively and specifically plead each and every defense, limitation, or immunity provided to them under N.J.S.A. 59:1-1 et. seq., particularly, N.J.S.A. 59:2-1, 2-2, 2-3, 2-4, 2-5, 2-6, 3-2, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, and 3-10.

## FIFTEENTH SEPARATE DEFENSE

15.     Defendant is immune from liability pursuant to the provisions of N.J.S.A. 59:5-2, 59:5-4, and 59:5-5.

## SIXTEENTH SEPARATE DEFENSE

16.     Recovery is barred by the failure of Plaintiffs to give timely notice of claim or to present a claim in accordance with N.J.S.A. 59:8-1 et. seq.

## SEVENTEENTH SEPARATE DEFENSE

17.     Defendants affirmatively and specifically plead each and every defense, limitation, or immunity provided to them under N.J.S.A. 59:3-3, et. seq.

## EIGHTEENTH SEPARATE DEFENSE

18.     The Defendants at all times acted on reasonable grounds and without malice.

## NINETEENTH SEPARATE DEFENSE

19.     Plaintiff has not been deprived of any right, privilege or immunity created or recognized by the United States Constitution or by any act of Congress.

## TWENTIETH SEPARATE DEFENSE

20.     Defendants, at no time mentioned in the Complaint, knew or should have known that one of their subordinates deprived Plaintiff of any right, privilege, or immunity created or recognized by the United States Constitution or by any act of Congress.

## TWENTY FIRST SEPARATE DEFENSE

21.     Defendants, at no time mentioned in the Complaint acquiesced or condoned in the alleged violation of the Plaintiff's Constitutional or statutory rights.

## TWENTY SECOND SEPARATE DEFENSE

22.     Defendants are law enforcement officers and their actions at all times mentioned in this Complaint were reasonable and they are therefore entitled to absolute immunity.

## TWENTY THIRD SEPARATE DEFENSE

23.     Defendants are law enforcement officers and their actions at all times mentioned in this Complaint were reasonable and they are therefore entitled to governmental and official immunity.

## TWENTY FOURTH SEPARATE DEFENSE

24.     The Complaint is barred by Plaintiff's failure to satisfy the requirements of 42 U.S.C. §1983.

## TWENTY FIFTH SEPARATE DEFENSE

25.     The claims against Defendants are barred as these Defendants are not guilty of negligence and violated no duty to Plaintiff.

## CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION

## FIRST COUNT

1.      At all times herein referred, City of Newark Police Department is a self-insured public entity located at 920 Broad Street, City of Newark, County of Essex, State of New Jersey.

2.      At all times relevant, Defendants were employees of the Newark Police Department, City of Newark, County of Essex, State of New Jersey.

3.      Pursuant to the collective bargaining agreement between the Newark Police Department and the City of Newark, the City of Newark is obligated to indemnify Defendants for any and all damages incurred while acting within the scope of their police obligations occurring while said contract was in force.

4.      Pursuant to New Jersey Statute, the Newark Police Department and the City of Newark are obligated to indemnify Defendants for any and all damages incurred while acting within the scope of their police obligations occurring while the statute was in effect.

5.      Plaintiff contends that he was injured by alleged actions of Defendants and has instituted the within action against Defendants to recover damages for those alleged injuries.

6.      In the event Plaintiff recovers a judgment against Defendant in said action, the Newark Police Department and the City of Newark shall be obligated to indemnify Defendant for the amount thereof.

        **WHEREFORE**, Defendants demand judgment against the Newark Police Department, City of Newark for all sums found due as against Defendant and in favor of Plaintiff.

## SECOND COUNT

1.      Defendant repeats and realleges each and every allegation of the First Count of this Crossclaim as if set forth at length herein.

2.      Pursuant to the collective bargaining agreement between the Newark Police Department and the City of Newark, the City of Newark is obligated to indemnify Defendant for any and all reasonable attorneys' fees, interest and cost of suit, and whatever relief this Court deems equitable and just.

3.      Pursuant to N.J.S.A. 40A:14-155, the Newark Police Department and the City of Newark are obligated to indemnify Defendants for reasonable attorneys' fees, interest and cost of suit and whatever relief this Court deems equitable and just.

       **WHEREFORE**, Defendants demands judgment against the City of Newark for all sums found due.

## CERTIFICATION

       I hereby certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that there is/are no other parties who should be joined in the within action.

Law Offices of Ravinder S. Bhalla             Dated: February 13, 2009


/s/   *Monica Y. Cho*
_____
MONICA Y. CHO

## CERTIFICATION OF E-FILING AND MAILING

I hereby certify that on this date, the within Answer to the Second Amended Complaint, on behalf of Defendants, Lydell James and Samuel DeMaio has been filed electronically using the Court's ECF system, which will automatically send notification to all parties who have requested such notification. The foregoing document may be viewed and downloaded using the ECF system.

I additionally certify that one copy of the within Answer has been mailed to the following:

The Hon. Faith S. Hochberg, U.S.D.J.
United States District Court
District of New Jersey
U.S.P.O. & Courthouse Bldg., Room 369
P.O. Box 999
Newark, N.J. 07101-0999

I certify that the statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices of Ravinder S. Bhalla        Dated: February 13, 2009

/s/  *Monica Y. Cho*
MONICA Y. CHO